```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
------------------------------------------------------
                                        :
UNITED STATES OF AMERICA,               :
                                        :   CASE NO. 1:03-CR-231
        Plaintiff,                     :
                                        :
        v.                              :   OPINION & ORDER
                                        :   [Resolving Doc. Nos. 48, 50, & 51.]
RAHSAAN FELIX,                          :
                                        :
        Defendant.                     :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In December 2003, Defendant Rahsaan Felix received a sentence of 130 months imprisonment followed by eight years of supervised release for possession with intent to distribute cocaine. [Doc. 33.] Now, as a result of the United States Sentencing Commission's subsequent decision to retroactively lower the sentencing range for his offense, Felix now moves[1] this Court to reduce his prison sentence to 100 months under 18 U.S.C. § 3582(c)(2). [Doc. 48.] The government opposes his motion on the ground that, because Felix was subject to a mandatory minimum sentence (240 months) greater than the low end of the otherwise applicable guideline range (120 months), he is ineligible for a sentence reduction under § 3582(c)(2). [Doc. 50; Doc. 51.]

The government is correct. When a defendant is subject to a statutorily mandated minimum sentence above the low end of the otherwise applicable guidelines range, he may not receive §

---

[1] Felix previously moved for a sentence reduction, which this Court denied based on his status as a career offender. [Doc. 37; Doc. 42.] In this second motion, Felix notes—and the government agrees—that he is not a career offender. [Doc. 48; Doc. 50.] The Court thus addresses the new basis for Felix's motion.

Case No. 1:03-CR-231
Gwin, J.

3582(c)(2) relief from the crack-cocaine amendment to the guidelines. *See, e.g.*, *United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009) ("[The defendant's] argument [for a sentence reduction] lacks merit because he was not in fact sentenced based on a Guidelines range that was subsequently reduced. Rather, his sentence was based on the [statutory] mandatory minimum imposed . . . which remained unchanged by [the crack-cocaine] Guidelines Amendment . . . . Thus, if [the defendant] were resentenced today, the amended Guidelines would still require a sentence of 240 months, and the court would be departing from this same 240-month baseline if again presented with the government's substantial-assistance motion.") (citations omitted).

Thus, the Court **DENIES** Defendant Felix's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

Dated: December 7, 2009                     s/     *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE